NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 3 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WAYNE BARBER; GEORGE WHITE, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> U.S. BANK, successor trustee to Bank of America, NA, successor in interest to LaSalle Bank NA, as trustee on behalf of the Holders of the WAMU Mortgage Pass-Through Certificates, Series 2007-OA1; et al., <br><br> Defendants-Appellees. | No. 16-56282 <br><br> D.C. No. 5:16-cv-00695-R-AGR <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted September 26, 2017[**]

Before:    SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

Wayne Barber and George White appeal from the district court's judgment

dismissing their action alleging federal and state law claims arising from non-

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

judicial foreclosure proceedings.  We have jurisdiction under 28 U.S.C. § 1291.

We review de novo the district court's dismissal under Fed. R. Civ. P. 12(b)(6).

*Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1032, 1040 (9th Cir. 2011).

We may affirm on any ground supported by the record.  *Vestar Dev. II, LLC v.*

*Gen. Dynamics Corp.*, 249 F.3d 958, 960 (9th Cir. 2001).  We affirm.

The district court properly dismissed plaintiffs' wrongful foreclosure and

Cal. Civ. Code § 2924(a)(6) claims because they are pre-foreclosure challenges.

*See Saterbak v. JPMorgan Chase Bank, N.A.*, 199 Cal. Rptr. 3d 790, 795-96 (Cal.

Ct. App. 2016) (noting that preemptive challenges to foreclosure are not allowed

under California law, and *Yvanova v. New Century Mortgage Corp.*, 365 P.3d 845

(Cal. 2016) is expressly limited to the post-foreclosure context), *review denied* July

13, 2016.

Dismissal of plaintiffs' breach of implied covenant of good faith and fair

dealing claim was proper because the covenant only protects express covenants or

promises of the contract.  *See Foley v. Interactive Data Corp.*, 765 P.2d 373, 394

(Cal. 1988) ("The covenant of good faith is read into contracts in order to protect

the express covenants or promises of the contract, not to protect some general

public policy interest . . .").

The district court did not abuse its discretion in denying leave to amend

because amendment would have been futile.  *See Cervantes*, 656 F.3d at 1041

(setting forth standard of review and noting that a court may dismiss without leave to amend where amendment would be futile).

We reject as without merit plaintiffs' contentions regarding the district court's grant of defendants' request for judicial notice and its consideration of the judicially noticed documents.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

16-56282